UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER T. NELSON<br><br>         Plaintiff,<br><br>v.<br><br>CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT, and RITA SAENZ, in her official capacity as Director of the California Employment Development Department,<br><br>         Defendants. | Case No.: 21cv2145-JAH-MDD<br><br>**ORDER:**<br><br>**1. GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2];**<br><br>**2. DISMISSING COMPLAINT WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) [Doc. No. 1].** |

### INTRODUCTION

On December 29, 2021, Christopher T. Nelson ("Plaintiff"), proceeding *pro se*, filed a complaint seeking damages against the California Employment Development Department ("EDD") and Rita Saenz in her official capacity as Director of the EDD ("Saenz"), (collectively "Defendants") for violation of the Social Security Act ("SSA"), codified at 42 U.S.C. § 503(a)(1), and the Due Process clause of the Fourteenth Amendment. Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C § 1915(a), in order to avoid the required civil filing fees, as required by 28

U.S.C. § 1914(a). After a careful review of the complaint and the motion, and for the reasons set forth below, the Court (1) **GRANTS** Plaintiff's motion to proceed IFP, [Doc. No. 2], and (2) **DISMISSES** the Complaint as to Defendant EDD, with prejudice, and as to Defendant Saenz, without prejudice.

## DISCUSSION

I.  **Plaintiff's IFP Motion**

All parties initiating any civil action, suit or proceeding in a district court of the United States, except an application for writ of *habeas corpus*, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Courts grant leave to proceed IFP when plaintiffs submit an affidavit, including a statement of all their assets, showing the inability to pay the statutory filing fee. *See* 28 U.S.C. § 1915(a).

In support of Plaintiff's motion, Plaintiff submitted an application to proceed in district court without paying fees or costs. *See* Doc. No. 2. Plaintiff is employed and receives an average of $430.00 monthly income during the past twelve months.[2] *Id.* at 1. Plaintiff also receives an additional $352.90 in unemployment payments. *Id.* at 2. Plaintiff receives no income from real property, investments, gifts, alimony, retirement, or disability. *Id.* at 1-2. Plaintiff receives a monthly total of $782.90 during the past twelve

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

[2] Plaintiff asserts he receives an average of $430 monthly income from employment and $352.90 monthly from unemployment assistance during the past twelve months. However, Plaintiff also asserts he has been denied unemployment assistance payments during the concurrent period. On its face, these assertions would seem to contradict one another.

months. *Id*. at 2. Plaintiff's average monthly expenses total $2,809.00, exceeding his total monthly income. *See id*. at 5. Plaintiff indicated that he owns one vehicle, however, he failed to list the value of the 2017 Mercedes Benz 300c. *Id*. at 3. Plaintiff indicated he expects major changes to his monthly income, expenses, assets or liabilities, however, he failed to describe the major changes on an attached sheet, as requested on the application. *See id*. at 5. Although the application is incomplete, based on the representations of income and expenses, the Court finds Plaintiff is unable to pay the statutory filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion for leave to proceed IFP.

## II.     Sua Sponte Screening Pursuant to 28 USC § 1915(e)(2)(B)

### A. Standard of Review

When a plaintiff seeks leave to proceed IFP, pursuant to 28 U.S.C. § 1915(a), the complaint is subject to *sua sponte* review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 575 U.S. 532, 538 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that… (B) the action or appeal… (ii) fails to state a claim on which relief may be granted"). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr*., 521 F.3d 1097, 1104 (9th Cir. 2008); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to

relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

To survive dismissal, the complaint must contain "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (*citing Twombly*, 550 U.S. at 555). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). "A document filed *pro se* is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**B. Unemployment Benefits Background**

Regular unemployment insurance claims are based on wages earned from employers covered by the California Unemployment Insurance Code and paid from the unemployment insurance fund. California Employment Development Department, *Types of Claims*, https://edd.ca.gov/unemployment/Types_of_Claims.htm (last visited Feb. 26, 2022). Claims are based on California wages paid in specific quarters. *Id*. Under the CARES Act and in response to the spread of COVID-19, Congress authorized Pandemic Unemployment Assistance ("PUA"), providing federal assistance to unemployed Californians who were not usually eligible for regular unemployment insurance benefits. California Employment Development Department, *Pandemic Unemployment Assistance*, https://edd.ca.gov/about_edd/coronavirus-2019/pandemic-unemployment-assistance.htm (last updated Dec. 30, 2021). PUA included up to 86 weeks of benefits between February 2, 2020, and September 4, 2021. *Id*.

The Department of Labor ("DOL") is charged with overseeing California's unemployment insurance program compliance with the minimum requirements of the SSA. The DOL issues Unemployment Insurance Program Letters to the state agencies that administer unemployment compensation to explain the minimum requirements of the SSA and accompanying regulations with which state programs are required to comply. The DOL has made clear that individuals in continuing claims status are entitled to a "presumption of continuing eligibility. The presumption means that the State has made an initial determination of eligibility and, based on that initial determination and the absence of facts clearly establishing current ineligibility, the State agency presumes the claimant's continued eligibility until it makes a determination otherwise." U.S. Dep't of Labor, *Unemployment Insurance Program Letter No. 04-01: Payment of Compensation and Timeliness of Determinations During a Continued Claims Series*, https://wdr.doleta.gov/directives/attach/UIPL4-01.cfm (last updated Oct. 27, 2000).

### C. Sufficiency of the Allegations

#### 1. "When Due" Clause

Plaintiff briefly asserts that "[b]y denying [him] timely access to the [unemployment insurance] benefits that [he] is entitled during EDD's eligibility determination, [the] EDD has violated and continues to violate the 'when due' clause of the Social Security Act[.]" Doc. No. 1. To the extent that Plaintiff attempts to make a claim under the "when due" clause, that argument is unavailing. The SSA requires state unemployment programs to maintain "methods of administration…reasonably calculated to insure full payment of unemployment compensation when due." 42 U.S.C. § 503(a)(1); *see also* 20 C.F.R. § 640.3(a) (interpreting this provision "to require that a State law include provision for such methods of administration as will reasonably insure the full payment of unemployment benefits to eligible claimants with the greatest promptness that is administratively feasible"). The word "due," "when construed in light of the purposes of the Act, means the time when payments are first administratively allowed as a result of a hearing of which both parties have notice and are permitted to present their respective positions." *California*

*Dep't of Human Resources Development v. Java*, 402 U.S. 121, 133 (1971); *see also Fusari v. Steinberg*, 419 U.S. 379, 387-88 (1975) (the Court explaining that the basic thrust of the statutory "when due" requirement is timeliness). However, neither the language nor the structure of the SSA "even remotely evinces an intent to create a private cause of action." *See Salazar v. Brown*, 940 F. Supp. 160, 164 (W.D. Mich. 1996); *Ostroff v. Fla. Dep't of Health & Rehab. Servs.*, 554 F. Supp. 347, 351 (M.D. Fla. 1983).

### 2. Due Process Clause Claim

The Due Process Clause of the Fourteenth Amendment forbids a state from depriving any person of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV. "A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994). A due process claim must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). "It is clear then that unemployment insurance benefits are a type of property interest protected by the due process clause." *Am. Fed'n of Lab. v. Emp't Dev. Dep't*, 88 Cal.App.3d 811, 820 (1979).

Here, Plaintiff asserts he is owed $25,000 from the EDD for previously certified weeks, that the EDD stopped payments without adequate notice, and that the EDD has not afforded Plaintiff the opportunity to challenge the EDD's decision to stop payments. *See* Doc. No. 1 at 5. Plaintiff acknowledges that September 4, 2021, marked the end of Pandemic Unemployment Assistance. *Id*. However, he asserts he has not received all the payments due. *Id*. It is well established that unemployment benefits are a Constitutionally protected property right. *See Am. Fed'n of Lab.*, 88 Cal.App.3d at 820. However, Plaintiff asserts merely conclusory statements that he has been deprived of his unemployment

benefits. Although the Complaint lists Plaintiff's circumstances, it is unclear whether Plaintiff claims to have an entitlement to PUA benefits, which ended on September 4, 2021, or if Plaintiff claims regular California unemployment benefits. Additionally, it is unclear whether Plaintiff received any notice of his benefits ceasing or whether he simply deems the notice as inadequate.[3] Lastly, it is unclear whether Plaintiff is owed "for a majority of his claim $25,000" or whether the EDD "still owes [Plaintiff] $25,000" total. *See* Doc. No. 1 at 5. However, even if Plaintiff is capable of curing these uncertainties, Plaintiff seeks only monetary relief which is barred by the Eleventh Amendment. *See Frew v. Hawkins*, 540 U.S. 431, 437 (2004) ("[f]ederal courts may not award retrospective relief, for instance money damages or its equivalent, if the State invokes its immunity").[4] For these reasons, the Complaint must be dismissed.

**D. Defendants**

*1. California Employment Development Department*

The Eleventh Amendment states, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Although by its terms the Amendment applies only to suits against a State by citizens of another State, [the U.S. Supreme Court has] extended the Amendment's applicability to suits by citizens against their own States." *Bd. of Trs. v. Garrett*, 531 U.S. 356, 363 (2001). "The ultimate guarantee of the Eleventh Amendment

---

[3] If Plaintiff's claim is under PUA, he was aware the benefits ceased on September 4, 2021. *See* Doc. No. 1.

[4] Though immediate monetary relief in federal courts is barred by the protections well established under the Eleventh Amendment, other forms of relief are available in state courts. *See generally Center for Workers' Rights v. California Employment Develop.*, No. 21106525 (Cal. Super. Ct. Alameda County filed July 22, 2021). The Center for Workers' Rights brought suit against the EDD and Rita Saenz in state court asking for injunctive relief. *See generally id.*

is that nonconsenting States may not be sued by private individuals in federal court." *Id*. "In addition to states, state agencies also enjoy sovereign immunity under the Eleventh Amendment." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). "For a party to properly bring a suit against a state or its agency, either a state must waive its sovereign immunity, or Congress must, pursuant to § 5 of the Fourteenth Amendment, intentionally abrogate the state's immunity." *Ross v. Tex. Educ. Agency*, 409 F. App'x 765, 768 (5th Cir. 2011). "The mere fact that a State participates in a program through which the Federal Government provides assistance for the operation by the State of a system of public aid is not sufficient to establish consent on the part of the State to be sued in the federal courts." *Edelman*, 415 U.S. at 673.

As such, Plaintiff's suit against the EDD is barred by the Eleventh Amendment. Accordingly, Plaintiff's complaint is dismissed with prejudice as to Defendant EDD.

### 2. Claim Against Rita Saenz, Director of EDD

As stated above, the Eleventh Amendment prohibits a suit for damages against a State in federal court, absent waiver by the State or valid congressional override. *Kentucky v. Graham,* 473 U.S. 159, 169 (1985). "This bar remains in effect when state officials are sued for damages in their official capacity." *Id*. However, a state official is not entitled to Eleventh Amendment immunity when the official is sued in his or her individual capacity only. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991).

Plaintiff's claim against Rita Saenz in her official capacity is barred by the Eleventh Amendment. *See Graham*, 473 U.S. at 166 ("[A] plaintiff seeking to recover damages against an official in his or her official capacity must look to the government entity itself"). "[A] suit for money damages may be prosecuted against a state officer in his individual capacity for unconstitutional or wrongful conduct fairly attributable to the officer himself, so long as the relief is sought not from the state treasury but from the officer personally." *Alden v. Me.*, 527 U.S. 706, 757 (1999). The Complaint asserts liability as to Saenz only in her official capacity. Even with liberal construction of his complaint, (*Erickson*, 551 U.S. at 94), Plaintiff fails to allege any facts for this Court to determine that Saenz in her

individual capacity as the Director of the EDD acted, failed to act, or participated in another's affirmative act causing a deprivation of Plaintiff's rights. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (deprivation of a constitutional right occurs when an official acts affirmatively, participates in another's affirmative acts, or fails to perform an act which they are legally required to perform that is the reason for which the complaint was made); *see also Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation"). Accordingly, the Complaint must be dismissed as to Defendant Rita Saenz in her official capacity.

## CONCLUSION AND ORDER

For all the reasons discussed above, IT IS HEREBY ORDERED:

1. Plaintiff's Motion for Leave to Proceed IFP, pursuant to 28 U.S.C. § 1915(a), [Doc. No. 2] is **GRANTED**.

2. The Complaint as to Defendant California Employment Development Department is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Complaint as to Defendant Rita Saenz is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

4. The Court **GRANTS** Plaintiff forty-five (45) days from the filing of this Order to file an Amended Complaint which cures all the deficiencies described herein. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (noting that claims dismissed with leave to

amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

**IT IS SO ORDERED.**

DATED: March 8, 2022

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE